UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KATERICKA FREEMAN | * | CIVIL ACTION NO.: |
| | * | |
| Plaintiff, | * | JUDGE: |
| | * | |
| VERSUS | * | MAG. JUDGE: |
| | * | |
| JUAN GARCIA TAMEZ, TAGA TRUCKLINES INC., ANTHEN INSURANCE COMPANY, UNITED WISCONSIN INSURANCE COMPANY | * * * * | **JURY TRIAL** |
| | * | |
| Defendants. | * | |
| | * | |

## **PETITION FOR REMOVAL**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, United Wisconsin Insurance Company (hereinafter, "Defendant"), who alleges and avers as follows:

1.

The above-entitled case was filed in the 31st Judicial District Court for the Parish of Jefferson Davis, State of Louisiana, where it is still pending, under Civil Docket Number C-577-21. The *Petition for Damages* was filed on or about **October 7, 2021**. *See*: **Exhibit A – Petitions for Damages,** *in globo* **– original Petition for Damages.** In the Petition, Plaintiff, Katericka Freeman, named Juan T. Garcia, Taga Trucklines, LLC, and United Wisconsin Insurance Company, as party-Defendants. *See*: **Exhibit A – Petitions for Damages,** *in globo* **– original and 2nd Amended Petition for Damages ⁋ 1.** Plaintiff filed an Amended Petition for Damages, which included incorrect and inaccurate information, including incorrect party-

1

defendants, on or about January 24, 2022. Plaintiff filed a 2nd Amended Petition for Damages on February 3, 2022, to correct the information in the Amended Petition. In the 2nd Amended Petition, Plaintiff also, in response to the Exception filed by Defendant, included a statement regarding the amount in controversy. *See*: **Exhibit A – Petitions for Damages**, *in globo* - **2nd Amended Petition for Damages, ¶ 9.**

2.

This civil litigation arises from an alleged incident that occurred on the eastbound lanes of I-10 in Jefferson Davis Parish, Louisiana, on or about October 8, 2020, involving a rear-end collision between a 2012 Toyota Corolla occupied by Plaintiff and Defendant, Juan T. Garcia, who was driving a tractor-trailer. *See*: **Exhibit A – Petition for Damages,** *in globo***, original and 2nd Amended Petition for Damages ¶ 2.**

3.

Plaintiff, Katericka Freeman, alleges that she sustained personal injuries as a result of this accident. More specifically, she claims that she "suffered injuries" and that she "sought medical treatment for his (sic) injuries and sustained various medical bills incidental thereto". *See*: **Exhibit A – Petition for Damages, ¶¶ 2 & 6.**

## AMOUNT IN CONTROVERSY

4.

La. C.C.Pr. art. 893 specifically prohibits the pleading of the amount of monetary damages sought. In her original *Petition for Damages,* Plaintiff did not set forth the specific amount of damages sought therein by her. She also failed to specify if the amount in controversy

is above the amount necessary for a jury trial or for federal jurisdiction. In the Petition, she only stated that she is entitled to "reasonable damages in the premises" and "all general and equitable relief in the premises." *See*: **Exhibit A – Petition for Damages, Prayer for Relief or "Wherefore" paragraph.** Therefore, the matter was not removable on the face of the original Petition for Damages. Consequently, Defendant filed an Exception of Vagueness, Ambiguity and Non-Compliance of the Petition. *See*: **Exhibit B – Exception of Vagueness.**

5.

However, in her *Petition for Damages*, Plaintiff also alleges that she sustained personal injuries as a result of this accident. More specifically, she claims that she "suffered the following non-exclusive damages" and that she is entitled to past, present and future: (A) medical expenses; (B) physical pain and suffering and bodily injury; (C) loss of income; (D) loss of enjoyment of life; (E) mental anguish; and, (F) any and all other damages. *See*: **Exhibit A – original and 2nd Amended Petition for Damages, ¶ 7.**

6.

On January 24, 2022, Plaintiff filed an Amended Petition for Damages. *See*: **Exhibit A – Petition for Damages,** *in globo***, Amended Petition.** That Amended Petition had many errors on it. On February 3, 2022, Plaintiff filed a 2nd Amended Petition for Damages. *See*: **Exhibit A – Petition for Damages,** *in globo,* **2nd Amended Petition.**

7.

In the Amended Petition for Damages, which was filed on January 24, Plaintiff claimed that her "claims exceed $75,000.00 together with legal interests from date of judicial demand until paid and for all costs of these proceedings." *See*: **Exhibit A – Petition for Damages,** *in*

*globo* **- Amended Petition for Damages, ¶ 14.** Plaintiff also exchanged emails on January 14, 2022 with Defendant, which contained contradicting information regarding the amount in controversy. *See*: **Exhibit C – Emails *in globo*.** At one point, Plaintiff stated that she agreed with the proposed stipulation provided by Defendant. However, later, she stated that the amount in controversy was over $75,000.00. The statement contained no information regarding "interests and costs." *Id*. In any case, Plaintiff refused to sign Defendant's proposed stipulation regarding the amount in controversy. *See*: **Exhibit D – Proposed Stipulation.**

8.

Plaintiff filed the 2nd Amended Petition in response to Defendant's Exception of Vagueness regarding the amount in controversy. In the 2nd Amended Petition for Damages, which was filed on February 3, Plaintiff finally clarified the issue regarding the amount in controversy for the purpose of Federal Jurisdiction, and she stated that her "claims exceed $75,000.00 exclusive of legal interest from date of judicial demand until paid and for all costs of these proceedings." *See*: **Exhibit A – Petition for Damages, *in globo* - 2nd Amended Petition for Damages, ¶ 9.**

9.

Plaintiff created some confusion for Defendant regarding the amount in controversy for the purposes of Federal Jurisdiction during telephone conversations and emails exchanged on January 14. In one of the emails, Plaintiff stated that the amount in controversy was in excess of $75,000.00. *See*: **Exhibit C – Emails *in globo*.** The email did not include any information if that was exclusive of interests and costs. The 2nd Amended Petition for Damages filed for the purpose of clarifying that issue, finally stated that the amount in controversy, exclusive of

interests and costs, was in excess of $75,000.00.

10.

No discovery has been performed at this time.  However, it must be noted that Plaintiff never signed the proposed stipulation limiting the amount of controversy to less than $75,000.00, exclusive of interests and costs.  Plaintiff has provided no medical records to Defendant at this time.

11.

Based on the reading of the 2nd Amended Petition for Damages, it is clear that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

## TIME OF REMOVAL

12.

Plaintiff filed the original *Petition for Damages* on or about **October 7, 2021,** in the 31st Judicial District Court for Jefferson Davis Parish.  *See*:  **Exhibit A – Petition for Damages, *in globo*.**

13.

Therefore, one (1) year *has not yet elapsed* since the filing of the *Petition for Damages*. Therefore, removal is appropriate.

14.

Plaintiff has not served Juan Garcia Tamez at this time.  The undersigned will represent Juan Garcia Tamez once he is served with process.  Juan Garcia Tamez consents to the removal

of the lawsuit to federal court.[1]

15.

Plaintiff has not served Taga Trucklines, LLC at this time. The undersigned will represent Taga Trucklines, LLC once it is served with process. Taga Trucklines, LLC consents to the removal of the lawsuit to federal court.[2]

16.

Plaintiff served United Wisconsin Insurance Company on or about **October 26, 2021**. *See*: **Exhibit A – Service Information attached with the original Petition for Damages.**

17.

The Petition for Damages did not contain the amount in controversy. Defendant filed an Exception of Vagueness, Ambiguity and Non-Compliance of the Petition. *See*: **Exhibit B – Exception. Plaintiff filed an Amended Petition and then a 2nd Amended Petition for Damages on February 3, 2022.** *See*: **Exhibit A – Petition for Damages,** *in globo* **– 2nd Amended Petition for Damages.**

18.

Therefore, thirty (30) days *have not yet elapsed* since the *receipt of service or of another paper showing the amount in controversy since the filing of the Petition.* More specifically, thirty (30) days have not yet elapsed from the date the Plaintiff provided Defendant with her 2nd Amended Petition for Damages. Thirty (30) days also have not elapsed since receipt of the emails on January 14, or the filing of the Amended Petition on January 24. Therefore, removal is timely.

---

[1] Mr. Juan Garcia Tamez told the undersigned that he has not received the Petition.
[2] Mr. Armando G. Tamez Casas told the undersigned that he has not received the Petition.

## DIVERSITY OF CITIZENSHIP

19.

Plaintiff is domiciled and is a resident/citizen of St. Landry Parish, in the State of Louisiana.  *See*:  **Exhibit A – original Petition for Damages and 2nd Amended Petition for Damages, Introductory Paragraph.**

20.

Defendant, Juan T. Garcia, is a person of the full age of majority who is domiciled in and is a citizen of Texas.  *See*:  **Exhibit A – original Petition for Damages and 2nd Amended Petition for Damages, Paragraph 1(A).**

21.

Defendant, Taga Trucklines, LLC is a limited liability company organized and with its principal office/place of business in the state of Texas.  The only member of the limited liability company is Mr. Armando G. Tamez Casas, who is a resident/citizen of the state of Texas.  Therefore, Taga Trucklines, LLC is a citizen of Texas.  *See*:  **Exhibit A – 2nd Amended Petition for Damages, Paragraph 1(B); see also Exhibit E – Texas Secretary of State.**

22.

Defendant, United Wisconsin Insurance Co., is a foreign insurance company and a citizen of Wisconsin.  It was organized and has its principal office/place of business in the State of Wisconsin.  *See*:  **Exhibit A – original Petition for Damages and 2nd Amended Petition for Damages, Paragraph 1(C); see also Exhibit F – Louisiana Department of Insurance.**

23.

Any other defendants named in the original, amended, or 2nd Amended Petition for Damages were incorrectly named as defendants (i.e. Athens Insurance Company, Old Republic Insurance, Polaris Industries, Inc.). They were added in error. Therefore, their citizenship is immaterial, and their consent is not necessary for the removal.

24.

Therefore, Defendant avers that this Honorable Court has original jurisdiction over the entitled and numbered cause pursuant to Article III of the United States Constitution and 28 U.S.C. §1332, in that Plaintiff is diverse from the properly named and served Defendants with the *Petition for Damages*.

25.

In accordance with 28 U.S.C. §1446(d), Defendant will provide appropriate Notice of this Removal to the Plaintiff and to the Clerk of Court for the 31st Judicial District Court for the Parish of Jefferson Davis, State of Louisiana, by filing of this Notice and the Notice of Removal into the record of the state court action, and to Plaintiff through her attorney(s) of record.

**JURY DEMAND**

26.

Defendant is entitled to and request a trial by jury on all issues herein.

WHEREFORE, Defendant, United Wisconsin Insurance Company, prays that the suit entitled, "*Katericka Freeman vs. Juan T. Garcia, et al*" presently pending in the 31st Judicial

District Court for the Parish of Jefferson Davis, State of Louisiana, and bearing Docket Number C-577-21 be removed to this, the United States District Court for the Western District of Louisiana, Lake Charles Division, and for trial by Jury and all just and equitable relief as allowed by law.

Respectfully submitted,

*s/ Jean E. Lavidalie, Jr.*
GUY D. PERRIER, #20323, T.A.
JEAN E. LAVIDALIE, JR., #27547
Perrier & Lacoste, LLC
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
Tel:  (504) 212-8820
Fax:  (504) 212-8825
Email:  gperrier@perrierlacoste.com
**Direct Dial:  (504) 212-8822**
Email:  jlavidalie@perrierlacoste.com
**Direct Dial:  (504) 212-8823**
**Cell Phone:  (504) 881-3857**
**ATTORNEYS FOR DEFENDANT**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KATERICKA FREEMAN | * | CIVIL ACTION NO.: |
| | * | |
| Plaintiff, | * | JUDGE: |
| | * | |
| VERSUS | * | MAG. JUDGE: |
| | * | |
| JUAN GARCIA TAMEZ, TAGA TRUCKLINES INC., ANTHEN INSURANCE COMPANY, UNITED WISCONSIN INSURANCE CO. | * * * * | **JURY TRIAL** |
| Defendants. | * | |

## **CERTIFICATE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading is being forwarded to:

> Clerk of Court, 31st JDC
> Parish of Jefferson Davis
> P.O. Box 799
> 300 North State Street • Room 106
> Jennings, LA 70546
>
> Katericka Freeman
> Through her attorney of record,
> George R. Tucker
> Tucker Law Form
> 1130 St. Charles Ave.
> New Orleans, LA 70130

by depositing a copy of same in the United States Mail, postage pre-paid and properly addressed.

New Orleans, Louisiana, this 11th day of February, 2022.

*s/ Jean E. Lavidalie, Jr.*
_____
**JEAN E. LAVIDALIE, JR.**